SYDNEY M. SPENCER ET AL. *v.* WASHINGTON COUNTY.

[45 South., 863.]

LOCAL OPTION ELECTION. *Code* 1906, § 1777. *Board of supervisors. Appeal. Grounds for dismissal. Review ineffectual.*

An appeal duly taken to the circuit court from an order of the board of supervisors rejecting a petition for an election to determine whether intoxicants may be sold in the county, should not be dismissed by the circuit court because it may by lapse of time be powerless to render a judgment ordering an election as provided by Code 1906, § 1777, relating to the time of holding such elections.

FROM the circuit court of Washington county.

HON. SYDNEY M. SMITH, Judge.

Spencer and others, appellants, were plaintiffs in the court below and Washington county, appellee, was defendant there. From a judgment in defendant's favor plaintiffs appealed to the supreme court.

On May 6, 1907, Spencer and others, citizens of the county, presented to the board of supervisors a petition in writing, containing the signatures of more than one-third of the aggregate number of the qualified electors of the county, requesting the board to order an election, to be held in the month of May, 1907, to determine whether intoxicating liquors should be sold in the

county. On the following day certain electors, who had signed the petition, filed written opposition to the granting of the petition, claiming that they had changed their minds as to the wisdom of holding such election, and requesting that their names be withdrawn from the petition, and alleging that if their names should be so withdrawn the number of signatures on the petition would be reduced to less than the requisite number of petitioners required by statute. Whereupon, on the day mentioned, the board entered an order rejecting the petition and refused to order an election; but by consent of parties allowed the petitioners thirty days within which to prepare and present to the president of the board a bill of exceptions. Petitioners embodied the facts and decision in a bill of exceptions, signed by the president of the board on the last day of the month of May, 1907, and filed in the circuit court on the first day of June. The June, 1907, term of the circuit court convened on June 3, 1907, and on the second day of the term, June 4, 1907, the attorney for the county of Washington moved to dismiss the appeal because: (1) the petition asked for an election to be held during the month of May, 1907, and, the month being past, the court could not render judgment ordering an election in May as prayed for in the petition; (2) Code 1906, § 1777, regulating local option elections, provides that an election must be held within forty days after the presentation of the petition, and not sooner than fifteen days after the election is ordered, and the time already passed since the presentation of the petition before the board, added to the statutory fifteen days, places the date for an election beyond the statutory forty days. The court below sustained the motion and dismissed the appeal.

*Campbell & Cashin,* for appellants.

The appeal to the circuit court was authorized by Code 1906, § 80. Being so authorized by law, and the appeal being properly perfected, the circuit court erred in its judgment of dismissal. *Ferguson* v. *Monroe Co.,* 71 Miss., 524, 14 South., 81.

The circuit court should have done exactly what the statute above cited, Code 1906, § 80, requires it to do: hear and determine the case as presented by the bill of exceptions, as a court of appeal, and affirm or reverse the judgment of the board of supervisors.

If, upon proper hearing before the circuit court, that court should have been of the opinion that the action of the board was improper, and that the election should have been ordered by the board, but that the circuit court, under Code 1906, § 1777, had no powers at the time of the hearing, it could have affirmed the action of the board of supervisors for the reason that the circuit court was not vested with the right to render judgments ordering a local option election unless the same could be held within the forty days from presentation of the petition before the board.

The first ground of motion to dismiss the appeal, was that the petition asked for an election to be held during the month of May, 1907, and, inasmuch as the month had already expired, the court could render no judgment ordering the election as prayed for. This ground is founded upon the fundamental misconception of the effect of the request contained in the petition that the election be ordered during the month of May, 1907. Considering only the essential requirements of the statute, the board of supervisors had a legal right to treat as surplusage that part of the petition which requested that the election should be held in May. 19 Am. & Eng. Encyc. of Law (2d ed.), 497.

The contention that the circuit court could not reverse the judgment of the board and render such judgment as the board, in the first instance, should have rendered, is fallacious. Code 1906, § 1777 does not provide that the election shall be void unless held within forty days after the presentation of the petition. Nor does it provide that no election shall be held under any circumstances unless it be held within forty days from the presentation of the petition. It simply makes it the duty of the board

to order the election to be held within forty days after the presentation of the petition.

Even if the right to have the election ordered had expired by any limitation prescribed by law, the circuit court had no authority to dismiss the appeal on that account. It should have entertained the appeal, decided the case as presented by the bill of exceptions, and if the right to the election had expired, the order of the board need not have been disturbed. *McInnis v. Pace,* 78 Miss., 550, 29 South., 835. The circuit court was vested by law with appellate jurisdiction, and the appeal was properly perfected. Having jurisdiction and having no authority to dismiss appeals except for lack of jurisdiction or because not properly perfected, the order of the cricuit court dismissing the appeal was error. The fact that the circuit court may have been embarrassed in determining what judgment it should render is not an argument against allowing the appeal.

WHITFIELD, C. J., delivered the opinion of the court.

Since the appeal to the circuit court was properly taken in all respects, and the court had jurisdiction to hear the cause, it was clearly error to dismiss the appeal. The court should have entertained the appeal and determined the cause.

For this error, the judgment is *reversed,* and the cause *remanded.*