T. N. HAYNES et al., Appellants, v. THE COUNTY COURT OF CASS COUNTY, Missouri, et al., Respondents.

**Kansas City Court of Appeals, February 1, 1909.**

1. **COUNTY COURTS: Appeals: Orders: Cases: Statutory Construction.** The statute giving appeals from orders of county courts in all cases not prohibited does not allow an appeal from any order in any manner by county courts, but only in cases in its legal sense,—that is, suits where there are parties and a subject matter in controversy between them.

2.` ——: ——: ——: ——: ——: **Local Option.** An order of a county court submitting the question of local option to the people is not a case within the meaning of the statute regulating appeals but an *ex parte* proceeding and one citizen has no more interest therein than the general public; and, besides, such order is not final but is merely preliminary and no appeal lies.

3. ——: ——: ——: ——: ——: ——: **Parties.** Citizens cannot make themselves parties to a proceeding to secure a local option election because the proceeding may effect the county revenue and they are tax payers, since they have no special interest different from the public and the matter differs from a proceeding where a citizen and the tax payers are undertaking to enforce a public right which has been infringed, as the opening of a street that has been obstructed by a railroad.

Appeal from Cass Circuit Court.—*Hon. Nick M. Bradley,* Judge.

AFFIRMED.

*T. N. Haynes, John A. Davis* and *R. T. Railey & Son* for appellants.

(1) Many of the authorities heretofore cited, sustain the right of appellants to appeal from the judgment of the county court, in cases of this character. We call special attention to the statutes of this State in respect to appeals. Section 1674, Mo. Ann. St. 1899,

p. 1217; sec. 1788, Mo. Ann. St. 1899, p. 1248; sec. 4059, Mo. Ann. St. 1899, p. 2207; sec. 4060, Mo. Ann. St. 1899, p. 2208; sec. 4061, 2 Mo. Ann. St. 1899, pp. 2210-11; sec. 4065, Mo. Ann. St. 1899, p. 2212; Bennett v. Hall, 184 Mo. 414; D. & L. Dist. v. Jamison, 176 Mo. 578; In re Big Hollow Road, 111 Mo. 326; Aldridge v. Spears, 101 Mo. 404; Colville v. Judy, 73 Mo. 652.

*J. S. Brierly, C. W. Sloan* and *J. W. Suddath* for respondents.

(1) Demurrer should have been sustained because there is a defect of parties. Plaintiffs herein were not parties at all to the original action in which the original order was made. Givens et al. v. McIlroy, 79 Mo. App. 671; Knapp, Stout & Co. v. St. Louis, 153 Mo. 572; Kansas City v. Railroad, 189 Mo. 260; Clemmens v. Insurance Co., 184 Mo. 55; State ex rel. v. Moore, 84 Mo. 18. (a) The right to sell liquor is a mere privilege, not a right, hence plaintiffs have no right to maintain here. Barnett v. Pemiscot Co., 111 Mo. App. 693. (2) The right of appeal in civil cases did not exist at common law; it is a purely statutory right, hence the party claiming the right to appeal must point out the statute and the statute must be strictly construed. Kansas City v. Railroad, 189 Mo. 261; State ex rel. v. Woodson, 128 Mo. 514; Schroeder v. Jabin, 94 Mo. App. 111; Howe v. Calloway, 119 Mo. App. 255. (3) This is an ex parte proceeding in the county court; plaintiffs are not parties, had no interest, and hence could not appeal. State ex rel. v. Moore, 84 Mo. App. 18; Barnett v. Pemiscot Co., 111 Mo. App. 700; Foster v. Dunklin, 44 Mo. 217; Howe v. Calloway, 119 Mo. App. 255. (4) Plaintiffs have no special right to maintain in this action for the reason that they have not alleged that they sustained any private injury over and above what the public at large sustains. Givens v. McIlroy, 79 Mo. App. 671; Knapp, Stout &

Co. v. St. Louis, 153 Mo. 572; Clemmens v. Insurance Co., 184 Mo. 55. (5) Appeals from county courts are allowed only when circuit court can try case anew, and give judgment county courts should have given. Sheridan v. Fleming, 93 Mo. 321; 2 Century Digest, col. 820; Bean v. County Court, 33 Mo. App. 635; State ex rel. v. County Court, 47 Mo. App. 647; Barnett v. Pemiscot Co., 111 Mo. App. 693; Howe v. Calloway, 119 Mo. App. 251; Scott Co. v. Leftwich, 145 Mo. 26; Wood v. County Court, 28 Mo. 119. (6) An order denying a motion to set aside an appealable order or judgment cannot be appealed from. The appeal must be taken from the original order or judgment. Larkin v. Larkin, 76 Cal. 323; Insurance Co. v. Weber, 50 N. W. 703; Brown v. Mfg. Co., 46 N. W. 560; Smith v. Smith, 48 Mo. App. 612; Wood v. Phelps Co., 28 Mo. 119; Tetherow v. County Court, 9 Mo. 119. (7) When case in which order was made was not appealable no appeal can be maintained from an order made therein; and a non-appealable order cannot be reviewed by a motion to set it aside. Gordon v. Ferdinand, 64 Cal. 11; Solomon v. Reese, 34 Cal. 28; Brown v. Mfg. Co., 46 N. W. 560; 2 Cyc. 793. (8) A board of county commissioners in ordering an election to determine the location of a county seat acts ministerially and not judicially. Territory v. Nevill, 60 Pac. 790. A county court in granting a saloon license acts judicially because it hears and determines evidence on which there may be a controversy. Cooper v. Hunt, 103 Mo. App. 9. (9) Appeals from interlocutory judgments are allowed only in the cases especially enumerated. Voorhis v. Bldg. Assn., 59 Mo. App. 55.

BROADDUS, P. J.—This is an action brought in the circuit court of Cass county for a rule and attachment against the judges and the clerk of the county court of the county to show cause why they should not grant an appeal from a certain order made by them

as such judges and clerk for the holding of an election as provided by the Local Option Law.

On November 14, 1908, a petition of the voters of the county was presented to the county court, petitioning for the holding of an election to determine whether or not spirituous and intoxicating liquors, including wine and beer, should be sold within the limits of the county. The court proceeded to hear and determine the matter and, after having examined the poll books of the last previous general election held in said county and having compared the names on said petition, found that it was signed by one-tenth of the qualified voters of the county who were qualified to vote for members of the Legislature at the last general election held therein, and that there was not any city or town in said county at the time of twenty-five hundred inhabitants or more, and ordered the election to be held and appointed a day for the purpose.

On the next day, the council of the city of Pleasant Hill in said county passed an ordinance for the taking of a census of the inhabitants of the city. A census was taken in pursuance of the ordinance which showed there were 2,569 inhabitants in the city at that time. On the 9th day of December and during said November term plaintiffs appeared in the court and filed a motion to set aside the order for the holding of said election which the court overruled and refused to set aside the order. The plaintiffs filed an affidavit for appeal which the court refused to allow. The purpose of this proceeding is to compel the county court to grant them an appeal from the order for the holding of the election and the order refusing to set aside the same.

The ground upon which plaintiffs asked the court to set aside the order for holding said election is that the finding of the court, that the city of Pleasant Hill did not contain more than twenty-five hundred inhabitants, was not true as shown by the later census taken by the city. It appears that the defendants computed

the number of inhabitants in Pleasant Hill from the last national census taken in 1900, which showed that the number was less than twenty-five hundred.

The plaintiffs claim, as taxpaying citizens, they have an interest in the controversy especially by reason of the cutting off of about $1,500 yearly revenue of the city of Harrisonville, a city of said county, if said proceedings are not annulled. The circuit court sustained a demurrer to plaintiffs' petition and denied the rule and plaintiffs appealed. The respective parties in their arguments and briefs have gone into the merits of the controversy; that is to say, as to the legality and propriety of the proceedings of the county court for the holding of said election. But we shall confine ourselves to the sole question of which we have jurisdiction, viz., were the plaintiffs entitled to an appeal from said order of the county court.

The first question presented is, was the action of the county court a proceeding from which an appeal could be taken to the circuit court of the county. Section 1674, Revised Statutes 1899, provides in subdivision 4, that circuit courts shall have, "Appellate jurisdiction from the judgments and orders of county courts in all cases not expressly prohibited by law," etc. Section 1788, *idem,* provides that from a final determination of any case in a county court, "Such appeal shall be prosecuted to the appellate court in the same manner as is now provided by law for the regulation of appeals from justices of the peace to circuit courts, and, when any case shall be removed into a court of appellate jurisdiction by appeal, such appellate court shall thereupon be possessed of such cause, and shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court, without regarding any error, defect or informality in the proceedings of the county court."

The plaintiffs rely upon the two sections quoted to sustain their right to their appeal. The language used

in section 1674 is somewhat comprehensive and, if taken to mean that an appeal will lie from any order made in any matter by a county court to the circuit court, then the order made for said election was one from which an appeal will lie. But we presume that it will not be claimed that such was its scope. The statute is to have a reasonable construction. If we construe the language not to apply to all orders or judgments of county courts in all kinds of matters, but to all *cases* as the italicized word implies and as understood by lawyers and judges, the more reasonable construction of the section is that appeals are allowed in all cases, i. e., in all suits where there are parties and a subject-matter in controversy between them. [1 Words and Phrases, 993.] Or, as otherwise defined, "A contested question before a court of justice; a suit or action; a cause." [Bouvier's Law Dictionary.]

The proceeding taken to hold an election under the Local Option Statute was in no sense a case within the meaning of the statute regulating appeals from county courts. It was an *ex parte* proceeding in which there was no contest, and to which the plaintiffs were not parties, and in which they had no more interest than the general public. It was not such an order as was appealable from for another reason. An appeal is only provided for, except in certain cases, from final judgments and orders. The ordering of the election was a preliminary order. Before the proceedings were complete, the court would have had to make an order giving notice of the holding of the election, and after the election was held the result was to be ascertained and the court was to make publication of such result. If plaintiffs could appeal from the preliminary order, we can see no good reason why they did not have the right to appeal from any of the subsequent orders, especially the final one, as all such orders were necessary to be made

before a termination of the proceedings. The statute contemplates appeals from a final disposition of a case and not from any preliminary or interlocutory order.

Overlooking the fact that the plaintiffs were not parties to the proceedings, it is a clear proposition that they could not make themselves such. We understand from the argument of plaintiffs that their interest involved was that, as taxpayers, they would suffer because the county realized from the city of Harrisonville in the county about $1,500 a year from saloon licenses, and they would thus be deprived of their proportional share of said revenue and their taxes would be increased just so much. The plaintiffs' interest in such revenue was an interest common to all the taxpayers of the county; therefore, they were not entitled to relief by appeal. [Knapp v. St. Louis, 153 Mo. 560; King's Lake Drainage & Levee Dist. v. Jamison, 176 Mo. l. c. 564.] In Givens v. McIlroy, 79 Mo. App. 671, "Held, that a private citizen cannot maintain an action for the correcting of the public wrong unless he specially alleges and proves that the public wrong has done or is about to do him a private injury in addition to and over and above the one suffered by him in common with the public." "Only those whose private interests are affected—whose property is taken—have the power of appeal." [Foster v. Dunklin, 44 Mo. 217.]

It is held, however, that, "Citizens and taxpayers· of a city are proper parties to bring and maintain mandamus in the name of the State, to compel a railroad company to restore a public street which it has appropriated to its own use." [State ex rel. v. Railroad, 206 Mo. 251.] Plaintiff relies upon this and similar cases to sustain the right to appeal. For an obvious reason they have ·no application. In the one instance, they are endeavoring to assert a right common to the public as special individual rights in themselves while the law permits them to maintain an action in such case only in behalf of the public and in the name of the

State. The distinction, we believe, has been clearly drawn between the two classes of actions.

Much more might be said in affirmance of the judgment of the circuit court in sustaining the demurrer to plaintiffs' petition and denying the rule, but we believe that what has been said sufficiently explains our views of the case, and whatever might be added would be cumulative and unnecessary. Affirmed. All concur.