## DAY *v.* BOARD OF SUP'RS OF COVINGTON COUNTY.

(Division B.   Jan. 2, 1939.   Suggestion of Error Overruled Jan. 30, 1939.)

[185 So. 251.   No. 33294.]

King & Berry, of Mendenhall, and G. L. Martin, of Prentiss, for appellants.

Russell Wright, Assistant Attorney-General, for appellee.

Argued orally by G. L. Martin, for appellant.

Ethridge, P. J., delivered the opinion of the Court.

A petition, signed by 810 qualified electors of Covington county, was presented to the Board of Supervisors of that county, asking for an election to determine whether or not the sale of beer and light wines should be prohibited therein, and stating that the petitioners were qualified electors, but not that they constituted more than 20% of the qualified electors of the county. The Board of Supervisors received the petition, and on examining the registration and poll books found the petition to be signed by electors largely in excess of the required 20%; whereupon they ordered the election to be held on the 18th day of May, 1937. The order for this election was passed at the April meeting of the board;

and the election commissioners published notice in due form in a paper of the county more than thirty days prior to the election, prescribing the ballot, and stating the purpose of the election, and the date on which it should be held. The result of the election was to prohibit the sale of beer and light wines in the county, by a decided majority. The proof of publication and the report of the election commissioners were filed with the clerk of the Board of Supervisors, and were so marked by him; and were on file on the first Monday in June following the election, when the final order was entered on the minutes of the Board of Supervisors, prohibiting the sale of beer and light wines in the county.

The order of the board in passing upon the sufficiency of the petition in regard to the requisite jurisdictional facts, recites that the total registration for the county at the time the petition was presented did not exceed 2,600 voters, and that there were 810 qualified voters on the petition in question, which constitutes 20% and more of the duly qualified voters of the county. Under section 2 of chapter 171 of the General Laws of 1934, the board ordered a special election on matter set out in the petition, and fixed Tuesday, May 18, 1937, as the date for holding the election.

At the June meeting T. D. Day, Sr., and a number of other parties, appeared before the board and protested against the validity of the said election, assigning many alleged reasons for their objections, among other things challenging the constitutionality of the law under which the election was to be held, which petition was overruled, and the order prohibiting the sale of such liquors was entered. The order, among other things, recited: ''And that due, legal and proper notice was given of said election as required by sections 310 and 6265, Mississippi Code 1930, and other statutes in that regard that all things were had and done precedent to the holding of said election required to be had and done by the Constitution and laws of this state precedent to the holding of said election;

that on the 18th day of May, 1937, the date ordered for said election to be held, that said election was, in all respects, legally held in said county and at such voting precinct in said county, and from the tally lists and statement of the result of said election and the report of the county election commissioners and otherwise, it appears that the transportation, storage, sale, distribution, receipt and/or manufacture of light wines and beer be excluded from the county, the vote being as follows: For 588 and against 1182 making a majority voting in said election of 594, excluding the transportation, storage, sale, distribution, receipt and/or manufacture of such beverages in the county.''

The writ of certiorari was obtained from the circuit judge of the Seventh District, and the record was certified to the Circuit Court of Covington County, where, on the record and argument of counsel, the election and proceedings in reference thereto were adjudged legal, and the petition for certiorari dismissed. When the record came before the circuit judge the original publication in the newspaper, and proof thereof, had been mislaid, and it was agreed that such publication and proof had been made, and a substituted proof of publication filed with the record which did not show publication for thirty days. A motion was made in this Court to remand the record to the circuit court for correction as to the notice published, it being shown by affidavit of the printer that the notice was actually published and filed for more than thirty days. On the hearing of this matter the court found as a fact that the proof of publication had been made for the time stated, that it was on file with the Board of Supervisors when the order was passed by the board, and was before the circuit court when the writ of certiorari was dismissed.

We have considered the record fully, and think that the election was in all respects legal. The law in regard to this question is to be found in Martin v. Board of Su-

pervisors of Winston County, Miss., 178 So. 315; Elliott v. Board of Supervisors (Miss.), 180 So. 72; and Pettibone v. Wells (Miss.), 179 So. 336.

The judgment will therefore be affirmed. Affirmed.