HALL *et al. v.* FRANKLIN COUNTY.

(Division B. Jan. 16, 1939.)

[185 So. 591. No. 33359.]

**R. B. Reeves,** of McComb, for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from an order of the Board of Supervisors of Franklin County prohibiting the sale of beer and light wine in the county, after holding an election, on the petition of more than twenty per cent of the

qualified electors of the county, to determine whether or not light wines and beer should be sold therein, which election resulted in a vote of 368 for, and 534 against, such sale.

Petitions for the election were circulated in various parts of the county, the petitioning part of all being similar, with the exception that some of the petitions, signed by a few voters, contained a statement that they constituted more than twenty per cent of the qualified electors, instead of stating that they constituted twenty-five per cent thereof. They read as follows, omitting the signatures: ''We, the undersigned, constituting more than 25% of the qualified electors of Franklin county, Mississippi, hereby petition the Honorable Board of Supervisors of Franklin county, Mississippi, to call an election to determine whether or not the transportation, storage, sale, distribution, receipt, and/or manufacture of wine and beer, as provided by chapter 171 of the Act of the Legislature of 1934, shall be excluded and prohibited in Franklin county, Mississippi.''

All of the petitions were presented to the Board of Supervisors, who entered an order upon their minutes bearing the caption, ''In the matter of ordering an election in Franklin County, on the petition of qualified electors, at which the qualified electors of the county may determine whether the transportation, storage, sale, distribution, receipt, and/or manufacture of light wines and beer shall not be permitted in Franklin county, Mississippi, and for the publication of notice of such election, preparation for and calling of such election and the return of the results thereof and the promulgation of such returns and results.''

The order thereupon recites that on the 6th of July, 1937, there came on for hearing and consideration by the Board of Supervisors of Franklin county, Mississippi, in regular session assembled, at the time and place fixed by law for such meeting, the petitions filed with that

Board on the first Monday of July, 1937, being July 5th. Such petitions requested that an election be ordered by the Board, to be held at a time to be fixed by it, at which election the qualified electors of the county should by secret ballot determine "whether the transportation, storage, sale, distribution, receipt, and/or manufacture of light wines and beer" should be prohibited therein. These petitions purported to contain the signatures of twenty per cent of the duly qualified voters of the county. The order recited that the Board having considered the petitions, and being satisfied that they contained the signatures of at least twenty per cent of the qualified electors of the county, and conformed in all respects to the requirements of the law, and of chapter 171, Laws of 1934, and that sufficient showing had been made to entitle the petitioners to the relief prayed, ordered that the election be held for the purposes above stated. The date fixed for the election was August 17th, 1937, said election to be conducted as required by law for special elections, and the clerk of the Board was ordered to give notice to the Election Commission of Franklin county, to prepare ballots for use in such election, setting forth the matter to be printed on the ballots, indicating the purpose of the election; and that the said elections should be conducted in the manner prescribed by law, etc.

On the first Monday of September the Board of Supervisors found that the election had not been conducted and returns made, as required by law. They entered another order, reciting the filing of the petitions in substantially the same manner as above set out, adjudicating that the petition contained more than 20% of the names of qualified electors of the county; and ordered an election to be held on the 14th of September, 1937, notice thereof to be given by the Election Commissioners of the county in the manner provided by law, with certification of the results of the election, etc. This order was complied with, the election being held on September 14, 1937; and the

report of the Election Commissioners was filed with the Board of Supervisors on the 15th of that month.

At the October, 1937, meeting of the Board of Supervisors it entered an order, adjudging the election to have been held in conformity to the order previously made, and to the requirements of the law—that the notice of the election had been duly published in a newspaper at Meadville, Franklin county, Mississippi, the order reciting, further, as follows: ''It appearing that said election was held throughout Franklin county, Mississippi, and at its 17 voting precincts on the 14th day of September, 1937, and held and conducted in accordance with the laws made and provided therefor and that the election commission canvassed said election returns and has filed with this Board its certificate of the results thereof and that of those voting in said election, 368 qualified electors voted for the proposition of the transportation, storage, sale, distribution, possession, receipt, and/or manufacture of light wines and beer of an alcoholic content of not more than four per centum by weight and that 534 qualified electors voting in said election voted against the transportation, storage, sale, distribution, possession, receipt and/or manufacture of light wine and beer of an alcoholic content of not more than four per centum by weight and that a majority of 166 of the qualified electors so voting in said election on September 14, 1937, voted against the proposition of the transportation, storage, sale, distribution, possession, receipt and/or manufacture of light wine and beer of an alcoholic content of not more than four per centum by weight; and it appearing to the Board that all things done either in the ordering of said election, the certifying of notices thereof, publication of notice thereof, the conduct of said election, and the certifying of the returns of the results thereof and all things required to be done in due and regular form and time and that said election should be and is hereby declared to be legal and binding and all things necessary to hold same

lawfully, has been done and all acts of this Board in the ordering of same and the promulgation of the returns is hereby validated and it is hereby adjudicated that a majority of 166 qualified electors voted for the proposition that the transportation, storage, sale, distribution, possession, receipt, and/or manufacture of light wine and beer of an alcoholic content of not more than four per centum by weight should be prohibited in Franklin county, Mississippi. It is therefore ordered and decreed by the Board that from and after this date, the transportation, storage, sale, distribution, possession, receipt and/or manufacture of light wine and beer of an alcoholic content of not more than four per centum by weight is prohibited throughout Franklin county, Mississippi; provided however, that the exceptions contained in paragraph 2 of chapter 171, Acts of 1934, Laws of Mississippi, are still in force and effect. It is further ordered that the written objections filed herein by J. M. Hall, et al., be and the same are hereby overruled, and the application of said objectors for an appeal to the next term of the Circuit Court of Franklin county, is granted without supersedeas upon said objectors filing with the Clerk of this Board a solvent bond in the penal sum of $500 payable to the State of Mississippi, to secure the costs to accrue herein and conditioned as other appeal bonds are required by law to be. It is further ordered that the objectors be and they are, hereby given two full days from this date in which to file and present bills of exception.'' This order was dated October 4, 1937.

The petition of the objectors to the validation of the election so held, recites that they are citizens of the county, that they had procured licenses under the authority of chapter 171, Laws of 1934, which entitled them to sell light wines and beer; that they were so doing in order to make a living for themselves and families, and had invested considerable sums of money in such business; and recited a number of objections to the proceedings above set out.

The bill of exceptions filed by the appellants recited as follows: [Exact copy from the record.]

"Bill of exceptions of J. M. Hall, Velma Evans, Petitions, Persons, Qualified Electors, Taking exceptions to the final order of the Board of Supervisors of Franklin county, Miss., in the matter of validating the election held in said county on the 14th day of Sept., 1937, on the question of the sale of beer and wine.

"Be it remembered that, at the July meeting of the Board of Supervisors of Franklin county, that an order was passed calling for an election to be held in said county on the 17th day of August, 1937, on the question of the sale of light wines and beer, and at the August meeting of the said Board of Supervisors a purported order was passed purporting to change the date of the said election and purporting to nullify the first called election and calling a new election for the 14th day of August, 1937.

"Be it further remembered that, on the 15th day of September, 1937, the Election Commission filed their purported report which contained the results of the election.

"Be it further remembered that, on the 4th day of October, 1937, the Board of Supervisors met in regular session, and that then and there in open court a bill of objections was filed, and argued before the board protesting to the entry of the final order validating the election. After argument the Board overruled the objections and granted two full days in which to file a bill of exceptions and present to the President of the Board for his signature, and now I, D. C. Wilkinson, President of the Board of Supervisors, hereby certify that the above statement is true and correct, and it is hereby directed that a true and correct copy of the bill of objections and the bill of exceptions be made up of the or by the Clerk of this Board and transmitted to the next regular term of the Circuit Court to be held in Franklin county, Mississippi.

"It is hereby understood that a copy of all orders and reports and a copy of the bill of objections are hereby annexed and made a part hereof. The exhibits to the bill of objections are not attached hereto but are asked to be considered as part hereto."

The petitioners thereafter petitioned the Circuit Judge for a writ of certiorari, reciting therein various claimed irregularities. A writ of certiorari was granted, as stated, without supersedeas, and thereafter a petition for supersedeas was applied for here, and granted. The Circuit Judge dismissed the certiorari on the hearing, adjudging as follows: "A writ of certiorari having been submitted to the court and considered, it is therefore ordered by the Court that the writ of certiorari be, and is hereby dismissed."

After the dismissal of the certiorari in the court below, a petition was filed with a Judge of this Court, praying for an appeal, with supersedeas, from the judgment of the court below, dismissing the writ of certiorari, which appeal was granted.

On the hearing before the Circuit Court, a certificate signed by the editor of the Franklin Advocate was filed, stating that she had not been requested to file proof of publication made on the 14th day of September, 1937, and that no proof of publication was made. This witness was not introduced to testify with reference to the matter, nor did it appear that no other person was authorized to make proof of publication; and there was a certificate signed by L. P. Clay, Chancery Clerk, dated October 5th, 1937, that "There is no proof of publication filed in this office."

This witness was not examined, nor was this testimony incorporated in the bill of exceptions, if it may be characterized as testimony; consequently the Circuit Court could not take cognizance of anything except the record before the Board of Supervisors, as shown by the bill of exceptions.

It is argued here that there was no proof of publication on file at the time the Board of Supervisors adjudicated the validity of the election, and the proceedings leading thereto, to prohibit the sale of light wines and beer.

The order of the Board of Supervisors recites the jurisdictional facts, and having so done, and having shown compliance with the requirements of law leading to the issuance of such order prohibiting the sale of light wine and beer, their judgment becomes conclusive, and cannot be attacked by new proof on certiorari in the Circuit Court. That court is confined to the examination of the proceedings appearing of record in the bill of exceptions, and cannot look to matters extraneous and foreign to the bill of exceptions.

We think the law bearing on the case is sufficiently stated and dealt with in Martin et al. v. Board of Supervisors of Winston County, Miss., 178 So. 315; Pettibone v. Wells et al., Miss., 179 So. 336; Elliott v. Board of Supervisors (Miss.), 180 So. 72.

It is not necessary for the Board of Supervisors, in their order, to recite all the evidence that appeared before them, or to set out in full, in their order, all the evidentiary matters pertinent to the controversy; it is sufficient to recite the jurisdictional facts, as ultimate facts, without reciting the evidence upon which such facts depend for proof of their existence. As stated in Martin v. Board of Supervisors of Winston County, supra, in order to support the judgment of courts of special and limited jurisdiction, facts conferring jurisdiction must be affirmatively found to exist and should appear upon the record or minutes, whereas it is presumed that necessary jurisdictional facts existed where judgment was rendered by a court of general jurisdiction; that where the Board of Supervisors finds a jurisdictional fact, in support of judgment calling a local option election, the judgment is entitled to the same force and effect with respect to such fact as the judgment of a court of general

jurisdiction; that the orders of boards of supervisors or courts that are administered by men unlearned in technical requirements should not be strictly construed. It was there held that the minutes of the Board of Supervisors reciting their orders and judgments, like those of justices of the peace, will be looked upon with indulgence, and though unskillfully drawn, will be legally sufficient if their meaning can be ascertained by a fair and reasonable interpretation.

It was not competent in this case, in the trial on the bill of exceptions from the judgment of the Board of Supervisors, to introduce facts not embraced in the bill of exceptions. But it was harmless error in this case, because the minutes of the Board, adjudicating the necessary facts, were sufficient to sustain this judgment prohibiting the sale of light wines and beer, and was sufficient to authorize the Circuit Court to find that a proceeding before the Board of Supervisors was valid, and that such liquors were prohibited from being sold, etc., in the county.

The judgment is affirmed.