COSTAS et al. v. BOARD OF SUP'RS OF LAUDERDALE COUNTY.

(In Banc. Oct. 25, 1943. Suggestion of Error Overruled Jan. 24, 1944.)

[15 So. (2d) 365. No. 35442.]

Jackson, Young & Friend and **W. E. Gore**, all of Jackson, for appellants.

108

**V. W. Gilbert, Lester E. Wills,** and **A. S. Bozeman,** all of Meridian, for appellee.

114

**Jackson, Young & Friend** and **W. E. Gore**, all of Jackson, for appellants, on suggestion of error.

116

**V. W. Gilbert, Lester E. Wills** and **A. S. Bozeman,** all of Meridian, for appellee, on suggestion of error.

118

**A. S. Scott,** of Laurel, amicus curiae, on suggestion of error.

Argued orally by **Forrest B. Jackson**, for appellant, and by **A. S. Bozeman** and **V. W. Gilbert**, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Petitions were filed by certain electors under the provisions of Chapter 224, Laws 1942, addressed to the board

of supervisors of Lauderdale County, requesting that an election be ordered to determine whether the traffic in light wines and beer should be excluded from the county. Such election was ordered and the board later certified by its minutes that such election had resulted in the exclusion of such traffic. Whereupon, appellants filed their protest against this final order putting the result of the election into effect, setting out that fewer than 20% of the qualified electors of the county joined in the petitions and that certain other irregularities, hereafter set out, made the entire proceedings and election void. The protest was overruled, whereupon protestants filed their bill of exceptions and appealed to the circuit court, pursuant to Chapter 245, Laws of 1940. The appeal was dismissed as not having been filed within ten days after the board's order for the election.

Only two of the assignments of error deal with alleged irregularities in the conduct of the election; all other errors assigned refer to the proceedings antecedent to the adjudication by the board ordering the election in compliance with the petitions. As to the latter assignments, the point is squarely presented whether the decision and order of the board, February 1, 1943, adjudicating the sufficiency of the petitions, is final in view of the failure of protestants to appeal therefrom under Chapter 245, Laws 1940. In this connection, the contentions were that the petitions were first filed in September, 1942, and later petitions in October, 1942, but that these were not acted upon finally until the board's meeting, February 1, 1943, at which time they were adjudged sufficient; further, that the board did not ''immediately'' submit the issue to the voters as required by Section 310, Code 1930; and that there were fewer than 20% of the electors upon the petitions.

All of the foregoing questions were for adjudication by the board and their decision and action thereon was judicial. Mohundro v. Board of Sup'rs of Tippah County, 174 Miss. 512, 517, 165 So. 124. Its order of February 1,

1943, for the election was a final "judgment or decision" within the meaning of Chapter 245, Laws 1940, as to the only phase of the matter in which there was any room for the display of discretion and judgment. Their decision and order thereon were final as to the matters necessarily adjudicated therein, and because of failure seasonably to appeal therefrom the appellants are now precluded. Ferguson v. Board of Sup'rs of Monroe County, 71 Miss. 524, 14 So. 81; Martin v. Board of Sup'rs of Winston County, 181 Miss. 363, 178 So. 315; Hall v. Franklin County, 184 Miss. 77, 86, 185 So. 591. The election though ordered by the board was and should have been conducted "under the election laws of the state" by the election commissioners in whose full control the matter thereafter remains. Code 1930, Secs. 310, 6267. The issue before the board was election vel non; that before the voters was exclusion vel non.

Appellants contend that the entire referendum procedure is a single procedural entity and that it is not finally determined until after the ensuing election, citing inter alia, Haynes v. Cass County Court, 135 Mo. App. 108, 115 S. W. 1084. This case is not controlling here, for if in point is at variance with our own decisions. But it is not apposite for the reason that there were here no further details of procedure to be later determined by the board. The complete machinery including the dates for the election and the form of the ballots were set forth in its order of February 1st. If the exercise of the right and duty of appeal may await the outcome of the election, the protestants would be thereby given the privilege of deferring the right of appeal to await a discretion determinable not by what was their duty but what was their desire. Let it be supposed that the subsequent election resulted in a refusal to exclude the traffic. Could the original petitioners thereupon take an appeal raising issues determined by the original order calling the election? Surely they would be similarly precluded. Let it be further supposed that the petitions were rejected and no election

ordered by the board. Would they be privileged and required to take their appeal within the statutory period? This question is answered in the affirmative in Spencer v. Washington County, 92 Miss. 230, 45 So. 863. The order of February 1st is now therefore a conclusive adjudication of the matters therein determined.

We do not agree that this order may now be successfully attacked as void in not complying with the requirement of Code 1930, Section 310, that upon the filing of the petition the board shall "immediately submit the same to a vote," etc. and as not according to prospective protestants due process of law. It is contended in this connection that protestants are not "persons aggrieved" within the import of Chapter 245, Laws 1940. A board, careful of its duty and responsibility and considerate as well of the interests of those affected, may be required by practical considerations to delay its decision in order to afford an opportunity to itself and others to examine and verify the petitions and to check their sufficiency. No action therein should be taken until it has determined this fact. Simpson County v. Burkett, 178 Miss. 44, 172 So. 329. Upon its adjudication of this issue, the appellee immediately ordered the election. The question of due process was decided in Martin v. Board of Sup'rs of Winston County, supra. Petitioners are parties; likewise, all persons or taxpayers whose interest is involved or whose privileges are put in jeopardy, regardless of whether they are not as yet personally "aggrieved," are so in a legal sense. Ferguson v. Monroe County, supra; Power v. Robertson, 130 Miss. 188, 93 So. 769. It is unreasonable to assume that their interest, as vigorously manifested after the election, was not stirred by the challenge of the original petitions.

Two assignments relate to the regularity of the election itself. They both involve the validity and application of Chapter 224, Laws of 1942, and the alleged nonconformity of the issue, as disclosed by the ballots, with this Act. The Act provides as follows: "Provided, that if any

county, at an election held for the purpose under the election laws of the state, shall by a majority vote of the duly qualified electors voting in the election determine that the transportation, storage, sale, distribution, receipt, and/or manufacture of such beverages, shall not be permitted in such county, then the same shall not be permitted therein. . . . Provided, further that an election to determine whether such transportation, storage, sale, distribution, receipt, and/or manufacture of such beverages shall be excluded from any county in the state, shall on a petition of twenty per centum (20%) of the duly qualified voters of such county, be ordered by the board of supervisors thereof, for such county only; . . ." There is no inconsistency in this language which would require the submitted issue to be whether the traffic "shall not be permitted" instead of whether it "shall be excluded" as was done here.

Lastly, it is contended that the use of the device "and/or" in the statute and upon the ballots created an ambiguity and uncertainty as to the issue before the voters. The implied approval of this procedure in all of the decisions under this act makes it tardy now to assert such view. Moreover, we are unable to see how doubt could remain in the minds of the voters as to what they were voting upon. The petitioners assumed the burden of proscribing the transportation, storage, sale, distribution, receipt and manufacture of light wines and beer, as the statute authorized them to do. It is not in point to argue that in criminal proceedings pursuant to the exclusion order one could not be tried and convicted of all such offenses at once. (Compare Code 1930, Section 1974, where the several forbidden acts relating to intoxicating liquors are stated in the disjunctive.) As indicated by the title to the Act itself, it is the traffic in such beverages that is being dealt with. The statute particularizes the several phases of such traffic.

It is significant that the privileges exercised by appellants were granted in the same statute and identical

language as that used in the petitions and ballots by which these privileges were revoked. A statute authorizing the sale and/or manufacture would make it lawful for Costas and/or Kramer Service Co., Inc., to engage in either or both. A denial of the privilege so expressed could mean nothing but that one may engage in neither.

We shall not extend this discussion. The issue before us is not a moral nor a temperance issue. Privileges accorded our citizens, albeit under a mere license, are valuable rights and deserve protection of the law. However, it is the same law which also makes their exercise subject to the expressed will of the citizens. We do not find that the procedure by which such will was implemented was irregular or contrary to the law.

Affirmed.

## DISSENTING OPINION.

**Roberds, J.,** delivered a dissenting opinion.

I think this election was void because the voters could not possibly have known, with any degree of certainty, from the form of the ballot, for what or against what they were voting. Six separable propositions had been submitted to them. With the conjunctive-disjunctive combination of "and/or" following some and preceding other propositions no voter could know for which or against which proposition he was voting. Clay County Abstract Co. v. McKay, 226 Ala. 394, 147 So. 407; Gully v. Jackson International Co., 165 Miss. 103, 145 So. 905; Drummond v. City of Columbus, 136 Neb. 87, 285 N. W. 109, 286 N. W. 779; State v. Dudley, 159 La. 872, 106 So. 364.

## ON SUGGESTION OF ERROR.

**McGehee, J.,** delivered the opinion of the court on suggestion of error.

On a former day of this term the above-styled cause was affirmed as to each of the several grounds of error assigned on the appeal as reported in 15 So. (2d) 365. It is now urged that the court was in error in two particulars:

First, in holding in the former opinion that the order of the county board of supervisors providing for an election to be held for the purpose of determining whether the traffic in light wines and beer should be excluded from the county was a "final judgment or decision," wherein it adjudicated that the petitions for such election contained at least 20 percent of the qualified electors of the county, and that therefore any aggrieved party should have appealed from the said order within ten days from the date of the adjudication instead of waiting until after the election was held and the further order of the said board of supervisors, excluding from the county the traffic in question, had been entered pursuant to the result of the election in that behalf; and second, in holding that the use of the device "and/or" in the ballot used in such election did not render the election void as creating an ambiguity as to the precise issue submitted to the voters for determination.

Upon a further consideration of the case we have concluded that the failure of the appellants to appeal within ten days from the date of the order of the board of supervisors rendered on February 1st, 1943, adjudicating that the petitions for the election contained at least 20 percent of the qualified electors of the county did not preclude them from thereafter challenging the correctness of such adjudication when the final order was entered, following the election held on March 16, 1943, and whereby the traffic in light wines and beer was sought to be prohibited; that the said order of February 1st, 1943, was a preliminary or interlocutory order rendered in the course of such proceedings and was not such a judgment as would finally dispose of the principal issue involved in the proceeding, that is to say, whether or not such traffic should be longer permitted in the county. ·

Although the board of supervisors was acting judicially in adopting the said order of February 1st, 1943, as was held in the case of Mohundro v. Board of Sup'rs, 174 Miss. 512, 165 So. 124, it did not thereby complete the

exercise of its judicial functions in regard to the pending matter for the reason that the election was required to be held under the provisions of Section 310, Code of 1930, requiring, among other things, that the notice of the election should state the proposition to be voted on and be published for thirty days prior to the election, which facts the board was required to thereafter adjudicate, together with the further fact as to whether the election had in other respects been conducted according to law, showing the result thereof, as reported by the election commissioners, and all of which was necessary to an affirmative disclosure of its jurisdiction to enter the final judgment of exclusion complained of.

In the case of Ferguson et al. v. Board of Sup'rs, 71 Miss. 524, 14 So. 81, 82, the court said that "it seems clear to us that any qualified elector and taxpayer has the right to appeal from any decision of the board of supervisors ordering an election under section 1610 of the Code (1892), for that is the only matter in the business in which the board is to make a 'decision.' Ordering the election and appointing commissioners to hold it terminates the duty of the board as to the election. It has no more to do with it, except to receive the report of the commissioners of the result of the election, and have it recorded on its minutes. It decides only as to ordering the election, and this decision is the thing to be appealed from, if any thing can be, connected with the whole proceeding. The statute makes no provision for contesting the election before any constituted tribunal." Such is not the case under the existing laws. The courts now have jurisdiction to determine whether an election has been held in the manner required by law and this was a necessary jurisdictional fact to be ascertained and recited in the final order of the board of supervisors, entered after the election was held, declaring that the traffic in light wines and beer should be discontinued in the county. Under the statute involved in the Ferguson case the filing of the returns of the election commissioners showing that the

election had resulted against the sale of intoxicating liquors in the county had the effect of excluding the traffic therefrom without the necessity of any further order being entered by the board of supervisors. Whereas, under Chapter 171, Laws of 1934, as amended by Chapter 224, Laws of 1942, the entry of a final order by the board of supervisors is required in order to exclude the traffic in light wines and beer, showing affirmatively an adjudication as to the sufficiency of the notice of the election, the period of time during which the same was published, or at least that it had been published for thirty days preceding the election, and also that it contained a statement of the proposition to be voted on at said election; also that the report of the Commissioners disclosed that a majority of those voting in the election had voted in favor of such exclusion.

In the case of Day v. Board of Sup'rs, 184 Miss. 611, 185 So. 251, 252, there was an appeal from such a final order to the circuit court by writ of certiorari, and wherein on appeal here this court said: ''When the record came before the circuit judge the original publication in the newspaper, and proof thereof, had been mislaid, and it was agreed that such publication and proof had been made, and a substituted proof of publication filed with the record which did not show publication for thirty days. A motion was made in this Court to remand the record to the Circuit Court for correction as to the notice published, it being shown by affidavit of the printer that the notice was actually published and filed for more than thirty days. On the hearing of this matter the court (evidently referring to the circuit court) found as a fact that the proof of publication had been made for the time stated, that it was on file with the Board of Supervisors when the order was passed by the board, and was before the Circuit Court when the writ of certiorari was dismissed.'' In other words, the question of whether or not the notice of the election has been published as required by law and whether other facts as to the sufficiency and

publication of the notice and of the manner of holding such an election have uniformly been regarded as jurisdictional and necessary to be judicially and affirmatively determined in a final order by the board of supervisors in order to give effect to the election. Hall et al. v. Franklin County Board of Sup'rs, 184 Miss. 77, 185 So. 591.

It follows, therefore, that since the board of supervisors is acting judicially in entering this final order and judgment undertaking to exclude from the county the traffic in question, it is to be conceded that the same is such an order as may be appealed from. And, as was said by the court in the case of Moller-Vandenboom Lbr. Co. v. Board of Sup'rs, 135 Miss. 249, 99 So. 823, 824, wherein it was contended that the order of the board of supervisors made at its equalization meeting held in August for the assessment of ad valorem taxes was a final judgment from which an appeal should have been taken without waiting until the final order of the board was entered after the approval of the assessment roll by the State Tax Commission, that "certainly great confusion would result if two appeals were intended to be given the taxpayer, one from the interlocutory order entered at the August equalization meeting of the board and the other after the receipt of instructions from the State Tax Commission. On the other hand, to hold that there is no right of appeal in the taxpayer until after the action of the board of supervisors in carrying out the instructions of the State Tax Commission would protect both the interest of the public and the taxpayer and do no violence to any provision of the statutes involved." Moreover, this court has expressly recognized the principle that appeals from certain orders entered by a board of supervisors, while acting judicially in the course of proceedings before it, entered before it, entered before the final disposition of the matter involved, are not appealable "in the absence of a statute providing therefor." Bogue Hasty Drainage Dist. v. Napanee Plantation Co., 118 Miss. 493, 78 So. 709.

In the case of Martin et al. v. Board of Sup'rs, 181 Miss. 363, 178 So. 315, 318, an election was held in Winston County to determine whether the traffic in light wines and beer should be excluded therefrom, wherein the appellants appeared before the supervisors after the election had been held and undertook to show that many of the signatures to the petitions for the election were not proper signatures in that many of them were signed in the same handwriting. This court in its opinion stated: "The proof in the record, made at the May meeting (after the election) shows that there were, in fact, more than 20 per cent of the qualified electors of the county who signed the petition, even eliminating those which appeared to be signed in the same handwriting;" and although the case was decided on its merits in that behalf, and this court held the petitions to have been sufficient, without regard to the fact that no appeal was taken within ten days from the order of the board of supervisors adjudicating the sufficiency thereof, the court did observe in the course of its opinion that no challenge having been made to the sufficiency of the petitions and to the finding of the board in that regard prior to the holding of the election the matter was concluded. However, this observation was not necessary to the decision of the case since the court had considered the proof which was offered before the board after the election, and which was considered by the circuit court, and held that the same was sufficient to entitle the board to order the election. At any rate, we are of the opinion that no good purpose can be served by requiring one appeal to be taken from the order of the board adjudicating the sufficiency of the petitions asking for the election and then a second appeal after the election and the entry of the final judgment reciting the necessary jurisdictional facts to sustain the judgment excluding the traffic in light wines and beer from a county. For instance, if the first appeal should be granted with supersedeas, then unnecessary delay would result in ascertaining the will of the qualified

electors on the question of whether the traffic should be discontinued. On the other hand, if the first appeal should be granted without supersedeas much time and expense of the circuit court would be consumed in the taking of proof on the question of whether each of the signers of the petitions were qualified electors and whether they constituted 20 percent of the total number of qualified electors in the county, and with the result that the election might then result against the exclusion of such traffic and those who had appealed from the preliminary order would never become "aggrieved" parties whose rights were affected adversely by anything that had been done in the matter. Of course if the petitions had been adjudged not to contain 20 percent of the qualified electors, the board of supervisors could have taken no further action thereon, the adjudication in this regard would have become final, and with the right of the petitioners to either appeal or go out and obtain additional signatures and refile their petitions.

In all other respects we adhere to our former opinion, that is to say, in holding that the use of the device "and/or" in the ballot used in the election did not render the election void as creating an ambiguity as to the issue submitted to the voters; and on the several other objections raised to the regularity of the election, but we withdraw the former opinion to the extent, and to the extent only, that it held that the appellants were precluded after the election from showing that the petitions for the election did not contain 20 percent of the qualified electors of the county, upon the theory that not having appealed from the order so adjudicating, within ten days thereafter, they are denied the right to question the sufficiency of such petitions.

The suggestion of error is therefore sustained in part, overruled in part, the former judment of affirmance set aside, and the cause reversed and remanded. Reversed and remanded.

DISSENTING OPINION ON SUGGESTION OF ERROR.

**Alexander, J.,** delivered a dissenting opinion on suggestion of error.

The point here decided was given painstaking consideration by the court and its views were expressed after weighing carefully the effect of Ferguson v. Board of Sup'rs, 71 Miss. 524, 14 So. 81. The point was not made res nova by the enactment of Chapter 171, Laws of 1934. The amendment of former views, even though accepted after assiduous study, is not to be deplored, but rather seen as the outreach of a persistent desire to attain certitude and justice. I have no quarrel with my associates in thus evidencing an open mindedness which is a wholesome guarantee against arbitrary views, but I am of the opinion that what we have done is not to decide this case but rather Ferguson v. Board of Sup'rs, which I am unable to distinguish. The majority opinion overrules it without forthrightly so deciding. I feel that I am still bound by its holding unless it is directly repudiated.

I find no force in later decisions which involve the same statute as here, but where not only was the exact question not raised, but on the other hand the Ferguson case was cited with approval. For these reasons I am constrained to adhere to the former opinion.

I am authorized by the CHIEF JUSTICE to state that he concurs in these views.