421 So.2d 488 (1982)
Robert W. SANFORD
v.
BOARD OF SUPERVISORS, COVINGTON COUNTY, Mississippi.
No. 53846.
Supreme Court of Mississippi.
November 10, 1982.
Gray, Montague & Pittman, S. Joel Johnson, Hattiesburg, for appellant.
Dan A. McIntosh, III, Collins, for appellee.
*489 Before WALKER, P.J., and BROOM and HAWKINS, JJ.
BROOM, Justice, for the Court:
Public road to be "laid out" across the lands of appellant Robert W. Sanford was sought by a petition filed by fifty-two individuals with the Covington County Board of Supervisors [Board]. The petition was based upon Mississippi Code Annotated § 65-7-57 (1972), which sets forth the procedure to be followed in such cases. After the supervisors heard the matter, Sanford appealed from the Board's order, to the Circuit Court of Covington County, the Honorable L.D. Pittman presiding. From the circuit court's affirmance, Sanford appeals here. We reverse.
Purpose of the petition was to have a public road constructed, connecting property of one of the petitioners, John Dearman, to an existing public road. After proper notice to affected parties, the supervisors conducted a hearing on the matter and took testimony from several witnesses who established that the road would originate at a public road and dead-end on the Dearman property. After hearing all the testimony, the board issued an order adjudicating that ten or more freeholders and householders of Covington County, Mississippi, had signed the petition. The order states:
3. Whereupon, the Board examined documentary evidence, heard oral testimony and arguments of counsel, and further found that the public interest and convenience requires the road to be laid out and opened and established, as petitioned for.
Whereupon, a committee of two members of said Board, Mr. Robert Stringer and Mr. Garvis Ward were appointed to lay out and mark said road and report their proceedings in writing to the Board at its next meeting on the first Monday of May, 1908. [Emphasis added]
SO ORDERED, this the 7th day of April, 1980.
Upon appeal to the circuit court, in affirming the Board's decision, the Circuit Judge stated, inter alia: "I have some question as to whether the order appointing the Committee would be a final order that can be appealed from... ."
Appealing from the circuit court's decision, Sanford attacks the jurisdiction of the board to hear the petition. He assigned as error the board's factual determination that the public interest and convenience require a public road to be built where proposed. Sanford contended that the proposed road constitutes a private driveway to be constructed at public expense.
We think the learned circuit judge noted a crucial feature of the case in stating that he questioned "whether the order appointing the Committee would be a final order", subject to an appeal. According to § 65-7-57, supra, if the board determines that the public interest and convenience require such a road, the statute requires appointment of a committee of two board members (from a district other than wherein the proposed road would be located) to physically examine the site of the proposed road, and (1) determine if a road on such a location is practicable, (2) lay out and mark the road, and (3) report back to the board of supervisors. After receiving this report the board may "set aside" this report of the committee "for sufficient cause", or in the alternative the report may be "confirmed." Mississippi Code Annotated § 65-7-59 (1972).
We note that the order of the board of supervisors from which Sanford has appealed is the order appointing two of the board members as a committee to inspect the proposed road site pursuant to § 65-7-57, supra. Examination of the order from which Sanford appeals reveals that no actual decision to build the road was made by the board. The order merely established the committee to inspect the property without either confirming or setting aside that committee's report as contemplated by § 65-7-59, supra. If such a decision (to establish the road) were made prior to the appointment of the committee, such decision would be a clear deviation from the provisions of §§ 65-7-57 and 65-7-59. Obvious intent of § 65-7-57 is that the committee shall determine the location of the *490 proposed road and report back to the board whether establishment of the proposed road site is practically feasible. Even if the committee were to report favorably as to the practicality of constructing the road, still the report may be set aside by the supervisors pursuant to § 65-7-59.
Careful examination of the order in the record from which the appeal was taken to the circuit court, and then here, makes it clear that the order fails to show that any decision to actually construct the road across Mr. Sanford's property has been made by the board pursuant to §§ 65-7-57 and 65-7-59, supra. Thus the question arises (not assigned as error or briefed) as to whether Mr. Sanford is "aggrieved by a judgment or decision of the board of supervisors" within the meaning of Mississippi Code Annotated § 11-51-75 (1972), which authorizes appeals from the board to circuit court. Under our established law, this Court of its own motion may, as it should, consider a jurisdictional issue even though not assigned by the parties. Home Ins. Co. v. Watts, on sugg. of error, 229 Miss. 735, 93 So.2d 848 (1957); McCaskill v. Little, 214 Miss. 331, 58 So.2d 801 (1952).
A similar situation existed in Costas v. Board of Supervisors of Lauderdale County, 196 Miss. 104, 15 So.2d 365 (1943), where we reversed in part on suggestion of error, 196 Miss. 124, 16 So.2d 378 (1943). There the Board of Supervisors had been petitioned for a beer referendum and it was contended that the Board had not made an affirmative determination that the petition was signed by the proper number of qualified electors. The appellant's motion to set aside the election results was overruled by the Board as it was not filed within ten days of the Board's order to hold the election. On suggestion of error, this Court reversed its original affirmance of the Board's action and held that the appellants had properly prosecuted their appeal. The order granting the election was determined to be preliminary to the determination of the overall issue of beer vel non. Costas makes it clear that until such time as the Board has issued a final order adjudicating every essential step in the proceeding, there can be no appealable final judgment. Extracted from Costas is the following pertinent language:
Moreover this court has expressly recognized the principle that appeals from certain orders entered by a board of supervisors, while acting judicially in the course of proceedings before it, entered before the final disposition of the matter involved, are not appealable "in the absence of a statute providing therefor." Bogue Hasty Drainage Dist. v. Napanee Plantation, Co., 118 Miss. 493, 78 So. 709.
Id. 196 Miss. at 128, 16 So.2d 378.
... .
[I]f the first appeal should be granted without supersedeas much time and expense of the circuit court would be consumed in the taking of proof on the question of whether each of the signers of the petitions were qualified electors and whether they constituted 20 percent of the total number of qualified electors in the county, and with the result that the election might then result against the exclusion of such traffic and those who had appealed from the preliminary order would never become "aggrieved" parties whose rights were affected adversely by anything that had been done in the matter. Of course if the petitions had been adjudged not to contain 20 percent of the qualified electors, the board of supervisors could have taken no further action thereon, the adjudication in this regard would have become final, and with the right of the petitioners to either appeal or go out and obtain additional signatures and refile their petitions.
Id. 196 Miss. at 130, 16 So.2d 378.
Mississippi Code Annotated § 11-51-75 (1972) provides explicitly that appeals to the circuit court from a decision of the county board of supervisors is proper only when brought by a person "aggrieved by a judgment or decision of the board...." Likewise, this Court's own jurisdiction is expressly set forth in Mississippi Code Annotated § 11-51-3 (1972) as proper only from a "final judgment." As noted in Bradley v. Holmes, 242 Miss. 247, 134 So.2d *491 494 (1961), an appeal is not a matter of right but is subject to the statutory provisions, and the basic requirement is that appeals are proper only if from a final judgment. See also Perkins v. Thompson, 127 Miss. 864, 90 So. 710 (1921). There can be no valid appeal until there has been a judgment disposing of the case. Our general rule is that in a traditional civil case on appeal from circuit court, all avenues available to an aggrieved party must be exhausted up to and including a judgment denying a new trial. Redmond v. Hilliard, 190 Miss. 839, 200 So. 130 (1941). A final judgment has been defined by this Court as a judgment adjudicating the merits of the controversy which settles all the issues as to all the parties. Hindman v. Bridges, 185 So.2d 922 (Miss. 1966); Cotton v. Veterans Cab Co., Inc., 344 So.2d 730 (Miss. 1977). The mere fact that an otherwise premature appeal may result in saving expense or delay does not allow an exception to this rule. Universal Life Insurance Company v. Keller, 197 Miss. 1, 17 So.2d 797 (1944).
Accordingly, Sanford's appeal here is premature because there is not in the record a final order of the board adjudicating in fact that a road at the proposed location would be laid out and established. Therefore, the case must be remanded to the circuit court, for its remand to the Board of Supervisors for further proceedings, if any are desired, consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ. concur.