CARLTON,'J.,
concurring in part and dissenting in part:
¶ 36. I respectfully concur in part and dissent in part from- the majority’s opinion. I agree with the portion of the majority’s analysis that finds that Durr abandoned her motion for a default judgment. However, I disagree with the majority’s analysis regarding jurisdiction and Durr’s standing to appeal, and I disagree with the disposition of the majority because I would affirm the circuit court’s grant of summary judgment in this case. The circuit court lacked jurisdiction since -Durr failed to comply with the following: (l)-the requirements of Mississippi Code Annotated section 11-51-75 (Rev.2012) for appealing a decision of a governing municipal board; and (2) the administrative zoning procedures required to obtain a decision from the city council.
¶ 37. I turn to the record for support for my finding that the eircuit court’s grant of summary judgment was proper. The- record reflects that Durr failed' to comply with the required procedures to obtain a decision for her zoning request, and therefore, she obtained no decision from the city council from which to appeal. The circuit court thus failed to obtain appellate jurisdiction over this case from the local governing council. In the absence of a final decision by the city council, Durr’s .allegations fail to raise a cause of action. See Miss.Code Ann. § 11-51-75. See also Newell v. Jones Cnty., 731 So.2d 580, 582 (¶ 10) (Miss.1999) (finding that the ten-day appeal period in section 11-51-75 is both mandatory and jurisdictional); Sanford v. Bd. of Supervisors, Covington Cnty., 421 So.2d 488, 490-91 (Miss.1982) (finding that, to vest appellate jurisdiction in the circuit court, there must be a final decision of the board from which to appeal).
¶ 38. On January 4, 2013, all the Defendants filed combined answers ánd affirmative defenses. In their combined answers, the Defendants included as defenses the following: (1) Durr failed to state a claim upon which relief could be granted; (2) the circuit court lacked subject-matter and personal jurisdiction; (3) service of process was insufficient pursuant to Rules 12(b)(4)-(5) of the Mississippi Rules of Civil Procedure; (4) the statute of limitations, res judicata, sovereign immunity, and Mississippi Code Annotated section 11-46-11 (Rev.2012) barred Durr’s claims.
¶ 39. Like the Defendants’ answer, the summary-judgment motion filed by the City of Picayune (the City) asserted that it was entitled to summary- judgment because Durr “failed Jo state a cause of action upon which relief may be granted.” Specifically,- the City argued: (1) Durr failed to first exhaust the administrative remedies'available to her; (2) Durr could not “rely on a facially invalid -permit (if a permit was ever granted) as she [was] imputed with constructive notice” of the zoning ordinances; (3) Durr failed to sufficiently plead a cause of action for reverse condemnation; (4) the statute of limitations barred any claim Durr might possess pursuant to the MTCA; and (5) Durr failed to sufficiently'plead -that the rezoning of her property was justified.
*1051 ¶ 40. As acknowledged, I agree with the majority that Durr abandoned her motion for a default judgment.[1] Durr filed notice of a hearing with the circuit court, and the hearing on the motion for a default judgment was to be held on January 7, 2013. However, the Defendants filed their combined answers and affirmative defenses on January 4, 2013, and then .Durr entered into añ agreed order with the Defendants. The transcript of the January 7, 2013 proceedings reflects that the parties appeared before the circuit court judge and presented him with an agreed order. The agreed order dismissed the individual councilmen and stated that the City agreed to waive Durr’s premature filing of her case prior to the expiration of the ninety-day notice period required by the MTCA. The January 7, 2013 transcript also reflects that the circuit court acknowledged at the hearing that no prejudice arose from the Defendants’- late answer.[2]
¶ 41. I disagree, however, with the majority’s decision to remand this case to the circuit court since no jurisdiction vested in the circuit court regarding any decision by the city council determining the .merits.of the municipal-zoning conflict at issue. As our precedent establishes, there must be a final order or final decision by the municipal board deciding the merit of the issues in controversy to vest a circuit court,, and this Court, with appellate jurisdiction. See Sanford, 421 So.2d at 490-91; Miss.Code Ann. § 11-51-75.
¶ 42. In the present case, Durr failed to show that a zoning change .occurred with respect to her property, and she failed to show that she complied with the necessary procedures to obtain a decision from the city council for a desired zoning change. Without a decision by the city council, no jurisdiction vested in the circuit court to review the matter. See Miss.Code Ann. *1052 § 11-51-75. As a result, the circuit court lacked jurisdiction in this case;' and the circuit court’s decision to grant the City’s summary-judgment motion, without prejudice, was proper. ■
¶ 43. Based ori the foregoing, I respectfully concur in part and dissent in part from the majority’s opinion.
BARNES AND ISHEE, JJ., JOIN THIS OPINION.

. The circuit court possessed the discretion to allow the Defendants late answer and possessed the discretion to refuse to enter a default judgment. See City of Jackson v. Presley, 942 So.2d 777, 781 (¶ 7) (Miss.2006). In Presley, the Mississippi Supreme Court explained that an abuse-of-discretion standard applies to a circuit court’s decision to-allow a late answer and affirmative defenses, but a de novo standard of review applies to an entry of a default judgment. Id. Significantly, the record in the present case reflects that the Defendants’ combined answers were filed prior to the entry of any default judgment by the circuit court. Therefore, the answers were sufficient to prevent the entry of a default judgment by the circuit court without first giving the Defendants notice and a hearing. See Smith v. Everett, 483 So.2d 325, 327-28 (Miss.1986).
An entry of default, when entered on an application, is invalid if entered without giving notice and hearing-to a party after that party has made an appearance and indicia of defense or has submitted a denial of the alle-gallons in the complaint. Id.; see also Wheat v. Eakin, 491 So.2d 523, 525 (Miss.1986) ("Once a party has made an indicia of defense or denial of the allegations of the complaint such party is entitled to at least three[-days'] written notice of the application for default judgment.”); Chassaniol v. Bank of Kilmichael, 626 So.2d 127, 131 (Miss.1993) (addressing the affirmative duties of the clerk upon receiving an application for the entry of a default judgment); Presley, 942 So.2d at 792 (¶ 25) (finding that a four-year delay in filing an answer was sufficient to prevent the entry of a default judgment); M.R.C.P. Rule 55(a)-(b) (discussing default judgments and the entry of default against a party).