# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-00187-SCT

*MISSISSIPPI WASTE OF HANCOCK COUNTY, INC.*

*v.*

*THE BOARD OF SUPERVISORS OF HANCOCK COUNTY, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/26/1999 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM J. COLE, III |
| ATTORNEYS FOR APPELLEE: | GERALD CALHOUN GEX |
| | MICHAEL DURRETT HAAS, JR. |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 02/22/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/15/2001 |

### EN BANC.

### WALLER, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. The issue before the Court is whether Appellee Hancock County Board of Supervisors ("the Board") properly suspended contract negotiations between Appellant Mississippi Waste of Hancock County, Inc. ("Mississippi Waste"), and the Hancock County Solid Waste Authority ("the Authority"). Numerous Hancock County citizens opposed the location of a privately owned waste facility in Hancock County and presented to the Board a petition for a special election under Miss. Code Ann. § 19-3-55 (Supp. 2000). The Board declined to take unilateral action on the issue, but called for the county-wide special election. Mississippi Waste challenged the Board's authority to call such an election by filling a bill of exceptions under Miss. Code Ann. § 11-51-75 (1972). The Court affirms the judgment of the Circuit Court of Hancock County and finds that the Board's actions were lawful.

### STATEMENT OF FACTS

¶2. The Authority, which serves Hancock County, the City of Bay St. Louis, and the City of Waveland, was created in December of 1997 for the purpose of soliciting proposals for a solution to its solid waste management needs. After advertising for proposals pursuant to Miss. Code Ann. § 31-7-13(t) (Supp. 1999), the Authority received several responses and ultimately began to negotiate with Mississippi Waste. During this process, Mississippi Waste responded to suggestions by the Authority that additional items

unrelated to solid waste, such as the construction of an animal shelter and sums for educational programs on recycling, be included in any contract proffered.

¶3. During this same period, the Authority was preparing a modification of the solid waste plan to submit to the Mississippi Department of Environmental Quality. A public hearing was held on and the Authority voted to approve the amendment to the solid waste plan.

¶4. A group calling itself "Citizens for Responsible Dumping" circulated a petition[1] opposing the landfill, and submitted it to the Board under §19-3-55. The petitioners requested the Board to do one of two things: enact an order prohibiting any privately owned landfills in Hancock County; or place the issue of establishing a privately owned landfill upon a ballot for a special election as prescribed in § 19-3-55. The Citizens also requested that, if the Board chose to call an election, a second issue be placed on the ballot which would require that any sanitary landfill located in Hancock County be owned, maintained and operated under the Board's jurisdiction, and the sanitary landfill accept waste from Hancock County and its neighboring Mississippi counties only.

¶5. The Board ordered that a special election be held. Mississippi Waste filed a bill of exceptions pursuant to § 11-51-75, challenging the Board's authority to call the election. Thereafter, an election was held with the propositions being approved,[2] and the Board enacted resolutions effectuating the relief requested in the petition. A hearing was held in the Circuit Court of Hancock County regarding Mississippi Waste's bill of exceptions. The circuit court dismissed the bill, and Mississippi Waste appealed to this Court. This appeal exclusively relates to the dismissal of the bill of exceptions, and in no way challenges the results of the election called pursuant to § 19-3-55.

## STANDARD OF REVIEW

¶6. In reviewing an administrative agency's findings of fact, we are limited by the arbitrary and capricious standard of review. ***Board of Supervisors of Harrison Co. v. Waste Management of Miss., Inc.,*** 759 So. 2d 397, 400 (Miss. 2000) (citing ***McDerment v. Mississippi Real Estate Comm'n,*** 748 So. 2d 114, 118 (Miss. 1999)). There is a rebuttable presumption in favor of the agency's decisions and the burden of proving to the contrary is on the challenging party. ***Board of Law Enforcement Officers Standards and Training v. Butler,*** 672 So. 2d 1196, 1199 (Miss. 1996). Therefore an agency's decision will not be disturbed on appeal absent a finding that it was not supported by substantial evidence, was arbitrary or capricious, was beyond the power of the administrative agency to make, or violated some statutory or constitutional right of the complaining party. ***Harrison Co.,*** 759 So. 2d at 400 (citing ***McDerment,*** 748 So. 2d at 118). Appellate review of an agency's decision is limited to the record and the agency's findings. ***Law Enforcement Officers,*** 672 So. 2d at 1199.

## JURISDICTION

¶7. The Board raises the affirmative defense that the Court lacks jurisdiction to hear this claim based on the absence of a final judgment, claiming that, at the time Mississippi Waste filed its appeal, it was not an aggrieved party. An election had yet to be held, and the Board had declined to act unilaterally on the petition. Essentially, the Board's position is that, absent election results contrary to Mississippi Waste's position, no harm was suffered.

¶8. Miss. Code Ann. § 11-51-75 (Supp. 2000) provides that an appeal to the circuit court from a decision

of the county board of supervisors is proper only when brought by a person "aggrieved by a judgment or decision of the board." *Sanford v. Board of Supervisors, Covington Co.,* 421 So. 2d 488, 490 (Miss. 1982) (citations omitted). Likewise, this Court has jurisdiction over a matter only when a final judgment has been entered. *Id.* Miss. Code Ann. § 11-51-3 (Supp. 2000). A final judgment has been defined by this Court as a judgment adjudicating the merits of the controversy which settles all the issues as to all the parties. *Sanford,* 421 So. 2d at 491. We have previously held that one appeal of a petition for an election is preferable to an appeal of the sufficiency of the petition followed by an appeal after the election is held. The longstanding rule has been that:

> No good purpose can be served by requiring one appeal to be taken from the order of the Board adjudicating the sufficiency of the petitions asking for the election and then a second appeal after the election and the entry of the final judgment reciting the necessary jurisdictional facts to sustain the judgment, . . . .

*Costas v. Board of Supervisors of Lauderdale Co.,* 196 Miss. 104, 16 So. 2d 378, 380 (1944).

¶9. Subsequent to the filing of Mississippi Waste's bill of exceptions, an election was held, resulting in unfavorable results for Mississippi Waste. Neither party to this dispute sought to supplement the record to reflect the results of the election. As such, this appeal is not properly before this Court as one from a final judgment. Procedural bar aside, we will address the issues raised by Mississippi Waste.

## DISCUSSION OF LAW

### I. DID THE HANCOCK COUNTY BOARD OF SUPERVISORS USURP THEIR AUTHORITY WHEN THEY CALLED AN ELECTION PURSUANT TO MISS. CODE ANN. § 19-3-55 (SUPP. 2000)?

*Is § 19-3-55, which allows twenty-five percent of the qualified electors to place any matter effecting the entire county before a vote of the qualified electors of the county, as applied and written, unconstitutional?*

¶10. The actions of the Board were lawful; indeed, the actions taken by the Board were required by state statute. Section 19-3-55 provides:

> Unless otherwise specifically required by law, the board of supervisors of any county shall upon the filing of a petition touching any matter affecting the entire county and over which it has jurisdiction, signed by twenty-five per cent of the qualified electors of the county, either pass an order putting said proposition in force and effect or immediately submit the same to a vote of the qualified electors of the county, after giving thirty days' notice of said election, said notice to contain a statement of the proposition to be voted on at said election. If said election shall result in favor of the proposition petitioned for, the board of supervisors shall pass the necessary order, to put the said proposition into force and effect. In the event the election shall result against the proposition submitted, no other election shall be held on the same, or substantially the same proposition within twelve months of the date of the prior election. This section shall not, however, apply to the creation of taxing districts.

¶11. Mississippi Waste argues that § 19-3-55, as applied and written, is unconstitutional as follows: (1) The circuit court's disposition of the matter was contrary to precedent established under ***Board of Supervisors, Harrison County v. Waste Management of Miss.*** (2) The actions of the Board denied Mississippi

Waste equal protection of the laws under the Fourteenth Amendment of the Constitution of the United States. (3) The stated goal of the petition, to disallow the acceptance of out-of-state waste, was unlawful.

*Is Miss. Code Ann. § 19-3-55 as applied by the Hancock County Board of Supervisors contrary to our precedent established in* ***Board of Supervisors of Harrison County v. Waste Management of Miss.****?*

¶12. Mississippi Waste relies heavily on a recent opinion handed down by this Court, where we stated, "the exercise of police power . . . cannot abrogate the protections afforded in our statutory zoning requirements and the due process clauses of the United States Constitution and the Constitution of the State of Mississippi." *Harrison Co.,* 759 So. 2d at 397. In *Harrison County*, the county proposed an ordinance which would restrict the use of land owned by the holder of a landfill permit, such that landfill use would not be permitted. *Id.* We held that the county's enactment of the ordinance, without any evidentiary basis and without notice or hearing, was arbitrary and capricious and beyond the county's lawful authority. *Id.* at 399.

¶13. The Hancock County Board of Supervisors was faced with a decision that differed in three respects from the *Harrison County* case. First, the ordinance was not enacted without notice or evidentiary basis. Second, the Board did not act unilaterally, but pursuant to the will of the electorate. The Board cannot ignore a petition signed by the citizens of the county. ***Leigh v. Board of Supervisors of Neshoba County***, 525 So. 2d 1326, 1329 (Miss. 1988). Had the Board refused to act on the petition, the circuit court could have compelled them to act under a writ of mandamus. ***Gill v. Woods***, 226 So. 2d 912, 920 (Miss. 1969). Third, in *Harrison County*, the Board's action was an improper attempt at land use regulation. The county's failure to follow the relevant zoning statutes resulted in the proposed ordinance being found invalid. *Harrison County,* 759 So. 2d at 401. In the present case, Hancock County was dealing with a petition to determine if its citizens approved of a private company owning their landfill. The restriction sought was not to the use of land, but rather what entity should be vested with the authority to manage the county's waste. As such, *Harrison County* is not applicable.

*Was Mississippi Waste denied equal protection under the Fourteenth Amendment of the United States Constitution?*

¶14. As Mississippi Waste lacked a contract to operate a landfill, no basis existed for its claim that it was denied equal protection. Mississippi Waste argues that the petition presented to and acted upon by the Board denied it a liberty interest (the right to conduct business in Hancock County) guaranteed by the Fourteenth Amendment. The Fourteenth Amendment provides that no State shall deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV, § 1. At the time the Board accepted the petition and declared an election, Mississippi Waste was still in the negotiating stages with the Authority and no formal contract had been entered into by the parties. Absent a liberty interest, Mississippi Waste has no basis for asserting a Fourteenth Amendment violation.

*Was the stated goal of the petition, to disallow the acceptance of out-of-state waste, lawful?*

¶15. Mississippi Waste argues that the stated goal of the petition was to prevent a privately-owned landfill from accepting out-of-state waste. The petition stated that its purpose is "to prevent a private . . . corporation from owning or operating a landfill within Hancock County." Thus it would appear that the true goal of the petition was to determine whether a public or private entity would dispose of the county's waste. The petition further states, "If the voters shall desire the county to operate a land fill facility, then the county

shall only accept refuse from Hancock County and neighboring counties in Mississippi." The county, being composed of its citizens, is free to set restrictions on whose waste they will accept. Therefore, Mississippi Waste's claim that rule § 19-3-55 unconstitutional is without merit.

*Did the Board act with the proper jurisdiction in calling an election under Miss. Code Ann. § 19-3-55 (Supp. 2000)?*

¶16. Because no solid waste plan had been approved and no contract had been finalized, the Board had the necessary jurisdiction to call an election. Before a board of supervisors can proceed under § 19-3-55, they must first establish that they have jurisdiction over the matter, the subject matter affects the entire county, the petition was signed by twenty-five per cent of the qualified electors of the county, and the board has the legal power to carry into effect the proposition presented in the petition. Mississippi Waste argues that the Board did not have jurisdiction to call an election. In determining jurisdiction, a board of supervisors must simply enter an order in its minutes which indicates that it has jurisdiction of the matter. ***Gill,*** 226 So. 2d at 916. An order of a board of supervisors which does not affirmatively show the facts necessary to give jurisdiction to the board is void. ***Id.*** at 917. Mississippi Waste argues that the Board failed to enter such an order. However, as reflected in the record, the Board's minutes contain an opinion of the Attorney General that the Board did in fact have jurisdiction to call an election in this instance. The Attorney General relied on a recent decision where the Court considered the procedure to be used when adopting or changing a local solid waste management plan. ***Golden Triangle Regional Solid Waste Management Authority v. Concerned Citizens Against the Location of the Landfill,*** 722 So. 2d 648. The opinion noted that the process of developing, constructing and operating a regional solid waste landfill begins on the local level, plan approval requires the adoption of the plan by resolution of the Board of Supervisors, and after the plan is approved by the individual counties, the Regional Authority adopts the plan. ***Id.*** at 650. Based on this language, the Attorney General opined that any resolution of the Board approving a new or amended plan would be subject to the provisions of § 19-3-55. In ***Golden Triangle***, the local plan had been approved by the individual counties, submitted to and approved by the Commission on Environmental Quality ("Commission"), and had advanced to the final, landfill permitting stage. After conducting a public hearing, the permit board approved the landfill application. The Court determined that by waiting until the permit stage of the proceedings to challenge the landfill, the concerned citizens waived their opportunity to object. ***Golden Triangle,*** 722 So. 2d at 654. The Court further held that, "The proper time to have challenged the location of the landfill would have been in the [local] planning process." ***Id.*** Once the Authority adopts the proposed plan, no appeal could lie until and if it was approved by the Commission. ***Id.*** at 650.

¶17. The process of adopting the Hancock County regional solid waste plan never proceeded beyond the local level. A formal, finalized plan was never adopted. Before the Authority could adopt and submit a plan to the Commission, the plan must first have been approved by a resolution of the Board of Supervisors. ***Golden Triangle,*** 722 So. 2d at 650. "Unless there is some law enacted by the legislature to the contrary, the Board of Supervisors must act when twenty-five percent of the qualified electors . . . file a petition with the Board touching matters affecting the entire county." ***Gill,*** 525 So. 2d at 1329. Mississippi Waste points to no law preventing the Board from so acting, and after much study, no such law is found. Based on the particular facts before the Court, the Court finds that the Board had proper jurisdiction to call an election under § 19-3-55.

### II. DOES CREATION OF A SOLID WASTE AUTHORITY PURSUANT TO MISS. CODE ANN. § 17-17-301 (SUPP. 2000) PREVENT THE BOARD FROM EXERCISING

**JURISDICTION OVER MATTERS RELATING TO THE DISPOSAL OF WASTE?**

¶18. Mississippi Waste challenges the second part of the petition calling for Hancock County to own and operate a landfill facility, arguing that once Hancock County created the Authority to manage its waste disposal, the Board was preempted from taking any action relating to waste needs, specifically the construction and site selection of landfills. However, this issue is not before the Court. The petition presented to the Board does not request a vote to determine the site for the proposed landfill. Instead, it is concerned with whether a privately owned or a public entity would own and operate the landfill. Nonetheless, a short discussion of the Authority's jurisdiction is required.

¶19. Mississippi Waste would have us hold that once an Authority is created, its decision regarding waste disposal is final. Perhaps this best explains Mississippi Waste's position that, "The exclusiveness of the Authority's power denied the Board the authority to enact an ordinance on either proposition presented them." Mississippi precedent does not lend to this argument.

¶20. As mentioned earlier, "The process of developing . . . a regional waste landfill begins at the local level." *Golden Triangle,* 722 So. 2d at 650. Approval of the plan includes the adoption of the plan by a board of supervisors. *Id.* Further, each county's adoption of a plan is appealable to its respective chancery court on a bill of exceptions. *Id.* For these reasons, the Court should not interpret § 17-17-301 as granting the Authority the sole power to decide all matters relating to waste. Participation by those most affected, local citizens and their elected officials, is a necessary step in the process of reaching a solution over such a controversial matter. Ours is a democracy, and unless the Legislature states otherwise, we do not interpret § 17-17-301 as vesting absolute power in the Authority. Therefore, the actions of the Board with respect to management of solid waste were lawful and not preempted by the creation of the Authority.

## III. DID THE BOARD ACT IN AN ARBITRARY AND CAPRICIOUS MANNER?

¶21. The Board's acts were lawful and authorized by § 19-3-55. Nothing in the record supports the allegation that the Board's acts were arbitrary and capricious. As mentioned earlier, once a petition is presented to the Board following an affirmative determination of jurisdiction, the Board has no choice but to proceed as § 19-3-55 directs. *Gill,* 226 So. 2d at 918. Had the Board refused to act on the petition, we would be justified in concluding that their inaction amounted to an arbitrary and capricious decision, and thus a denial of due process of law. *Id.* at 920. Here, however, the Board acted as required by statute. Nothing about their actions can be considered arbitrary or capricious.

## IV. IS THE PETITION DEFECTIVE FOR CONTAINING MULTIPLE PROPOSITIONS?

¶22. Mississippi Waste argues that the two issues presented in the petition constitute distinct and separate issues, and, as such, should have been presented via separate petitions for fear that a voter could take a mixture of affirmative and negative positions and not be consistent. In a similar analogy, it has been noted that whenever an attempt is made to amend the Constitution, if more than one amendment shall be submitted at one time, they shall be submitted in such manner that the people may vote for each amendment separately. *Leigh,* 525 So. 2d at 1327.

¶23. A thorough review of Mississippi case law reveals that in order to constitute more than one amendment, the proposition submitted must relate to more than one subject, and have at least two distinct and separate purposes not dependent upon or connected with each other. *Id.* Ultimately, the issue of

whether or nor the petition before us was multi-propositional is a factual issue to be decided by this Court. The Court has previously held that where a proposition relates to only one subject and one purpose, only one amendment is presented. *Leigh,* 525 So. 2d at1328.

¶24. The petition here pertains to only one issue: "Do the citizens of Hancock county desire their landfill to be publically or privately owned?" Petitions for an election are adequate if they substantially comply with the requirements of the statute and are reasonably sufficient to authorize the board of supervisors to take jurisdiction of the matter. *Id.* The Court has previously held that strict legal technicality can not be required of laymen. *Id.* For these reasons, the Court finds that the petition circulated by the concerned citizens of Hancock County concerned one issue, and thus not faulty as being multi-propositional.

## CONCLUSION

¶25. For the foregoing reasons, the Court affirms the Circuit Court of Hancock County's dismissal of Mississippi Waste's bill of exceptions.

¶26. **AFFIRMED.**

> **PITTMAN, C.J., McRAE, P.J., SMITH, MILLS, COBB AND DIAZ, JJ., CONCUR. BANKS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. EASLEY, J., NOT PARTICIPATING.**

1. The petition contained the following language:

> We, the undersigned qualified electors of Hancock County, Mississippi, pursuant to authority granted in Section 19-3-55 of the Mississippi Code, hereby petition the Hancock County Board of Supervisors to deny any private individual, business, or corporation the right to own or operate a landfill within said county, but if it is determined that a landfill is the best available technology for waste disposal, funds should be secured to construct, maintain, and operate a county owned facility for disposal of trash and garbage generated by the residents and businesses of Hancock County and neighboring counties in Mississippi.

> If this be denied, we petition that the issue of establishing a privately owned landfill in the buffer zone surrounding Stennis Space Center or elsewhere in Hancock County be placed on a ballot for special election as prescribed in Section 19-3-55 of the Mississippi Code.

> We further petition that a second issue on the ballot state that any sanitary landfill located in Hancock County be county owned, maintained, and operated under the jurisdiction of the Hancock County Board of Supervisors with refuse accepted only from within Hancock County and neighboring counties in Mississippi.

2. This fact was contained in the briefs before this Court, but noticeably absent in the record.