CARLTON, J.,
for the Court:
¶ 1. Rodney Lamey appeals the judgment of the Circuit Court of Jackson County that upheld the Jackson County Board of Supervisors’ (Board) decision that Lamey no longer possessed the qualifications to continue as a commissioner of the West Jackson County Utility District (District). After careful review of the record, we find substantial evidence to support the Board’s decision, which was affirmed by the circuit court. Accordingly, we affirm.
FACTS
¶ 2. Lamey served as an appointed commissioner of the District, and at a hearing held on April 7, 2008, the Board found that Lamey no longer possessed the qualifications to hold the office of commissioner. Specifically, the Board determined that Lamey no longer resided within the district, as required of the District’s commissioner appointees under Mississippi Code Annotated section 19-5-171 (Supp. 2009). During the hearing, Lamey appeared before the Board and explained that he temporarily moved out of his Jackson County residence during the remodeling of his home. He further explained that during the temporary relocation, Hurricane Katrina destroyed the residence. Unfortunately, his new residence *880 sat approximately one-hundred feet outside of the Jackson County line and no longer satisfied the county residency requirements of his appointment. Although Lamey’s new residence fell within the parameters of Harrison County, he still received water services from the District.
¶ 3. After the hearing, the Board issued a resolution stating that Lamey no longer met the residency requirements necessary to serve as a commissioner of the District and that Lamey had, therefore, vacated his office. Lamey submitted a bill of exceptions to the president of the Board, and then he filed the bill of exceptions and an appeal in the Jackson County Circuit Court. Lamey argued that the Board lacked the legal authority to remove a commissioner from office. The circuit court affirmed the Board’s decision to remove Lamey from his office as commissioner. Lamey now appeals, arguing that the circuit court had erroneously interpreted Mississippi Code Annotated section 19-5-167 (Rev.2003), and he asserts that the court and Board provided erroneous factual determinations regarding his removal from his position as commissioner.
STANDARD OF REVIEW
¶ 4. This Court adheres to a limited review of decisions rendered by an executive body. Precedent requires that the decision of an administrative agency not be disturbed on appeal “absent a finding that it was not supported by substantial evidence, was arbitrary or capricious, was beyond the power of the administrative agency to make, or violated some statutory or constitutional right of the complaining party.” Miss. Waste of Hancock County, Inc. v. Bd. of Sup’rs of Hancock County, 818 So.2d 326, 330 (¶ 6) (Miss.2001); Uniform Rule of Circuit and County Court 5.03. We also acknowledge that “[t]here is a rebuttable presumption in favor of the agency’s decision[,] and the burden of proving to the contrary is on the challenging party.” Id. Reflecting deference to the agency as the fact-finder, this Court “must not reweigh the facts of the case or insert its judgment for that of the agency.” Lewis v. Miss. Employment Sec. Comm’n, 767 So.2d 1029, 1030-31 (¶ 9) (Miss.Ct.App.2000).
DISCUSSION
I. Whether Mississippi Code Annotated section 19-5-167 was erroneously interpreted.
¶ 5. Lamey argues that the language of section 19-5-167 clearly mandates that after the creation of a county water district, the Board possesses no authority to interfere with the business of the district except to appoint commissioners upon the occurrence of a vacancy.
¶ 6. Section 19-5-167 states, in pertinent part, that:
Any vacancy occurring on a board of commissioners shall be filled by the board of supervisors at any regular meeting of the board of supervisors, and the board of supervisors shall have the authority to fill all unexpired terms of any commissioner or commissioners. Notwithstanding the appointive authority herein granted to the board of supervisors, its legal and actual responsibilities, authority and function, subsequent to the creation of any district, shall be specifically limited to the appointive function and responsibilities outlined in [sjections 19-5-179, 19-5-189 and 19-5-191. The operation, management, abolition or dissolution of such district, and all other matters in connection therewith, shall be vested solely and only in the board of commissioners to the specific exclusion of the board of supervisors, and the abolition, dissolution or termination of any district shall be ae- *881 complished only by unanimous resolution of the board of commissioners.
Lamey asserts that the statute gives the District’s commissioners authority over all matters pertaining to the operation and management of the District. He argues that the statute limits the authority of the Board and prohibits its interference with the internal workings of the District. La-mey asserts this limitation prevents the Board from determining if a vacancy occurred. Lamey submits that the statutory language supports his argument that only the District, not the Board, possessed the authority to determine if a vacancy occurred.
¶ 7. The Board relies upon Mississippi Code Annotated section 25-1-59 (Rev. 2006) in ascertaining that since Lamey moved out of the boundaries of Jackson County, then he thereby vacated his office as commissioner. The Board found that the vacancy required Board action to fill the vacancy. Section 25-1-59 states that:
If any state, district, county, county district, or municipal officer during the term of his office shall remove out of the state, district, county, or municipality for which he was elected or appointed, such office shall thereby become vacant and the vacancy be supplied as by law directed. If any person who has been or shall be a collector or holder of public money is elected to either branch of the [L]eg-islature or to any office of profit or trust, and shall not have accounted for and paid into the treasury all sums for which he may be accountable on or before the day of the meeting of the [L]eg-islature to which he shall be chosen or the time for the commencement of his term of office, the seat of such person in the [L]egislature or the office to which he was elected shall be forthwith vacated thereby.
¶ 8. The Board concedes that the statute omits language specifying regarding who makes the factual determination as to the existence of a vacancy. However, the Board points to Mississippi Attorney General Opinion 2008-00231, 2008 WL 2687396, The Honorable Edward Seals (June 13, 2008), in which the Mississippi Attorney General found that the question of whether a school board member had vacated his office by his removal from the district should be determined by the appointing authority, and not the school board.
¶ 9. However, Lamey argues that since no ambiguity exists in the language of section 19-5-167, nothing requires the Board to look to section 25-1-59 to determine whether a commissioner lacks residency qualifications to hold his office. He also argues that the decision of when a vacancy occurs constitutes an internal matter that fundamentally pertains to the District’s operation; thus, it falls under the authority of the commissioners, not the Board.
¶ 10. We note that the circuit judge states in her opinion that the attorney general takes the position that the appointive authority must determine whether a person has “removed” himself from the district, and if by removing from the district, he thereby created a vacancy. See Miss. Atty. Gen. Op. 2008-00231, 2008 WL 2687396, Seals. As a result, the circuit court held that the action of the Board in declaring a vacancy based on Lamey’s removal from the district constituted appropriate action by the Board. Additionally, in Mississippi Attorney General Opinion 2006-00377, 2006 WL 2789807, Mayor Billy Skellie (Aug. 18, 2006), the attorney general stated that whether an official “removed” himself out of the jurisdiction for which he was elected or appointed consists of a question of *882 fact. The attorney general further established that “[t]he municipal governing board has the responsibility to make the factual determination as to whether an officer has abandoned the municipality as his place of residence or whether he is only temporarily away from his residence.” Miss. Atty. Gen. Op. 94-0149, 1994 WL 175731, Alderman Brian Barcelona (April 13, 1994). We agree with the circuit court that the Board possessed the responsibility to determine factually whether an individual removed himself or herself from the district of appointment. If the Board determines that an individual indeed voluntarily removed from the district, then a vacancy necessarily occurred by operation of law according to statutory appointment requirements. Therefore, we agree with the circuit court’s judgment finding that substantial evidence exists to support the Board’s decision, and we also find that the Board’s decision was not arbitrary or capricious. See URCCC 5.03. This issue is without merit.
II. Whether the circuit court’s factual determination that Lamey had vacated his office as commissioner was erroneous.
¶ 11. Lamey next argues that the circuit court erred in its factual finding concluding that he had removed himself from the district. He cites Mississippi Code Annotated section 19 — 5—177(k) (Rev. 2003), which authorizes the District to “extend its services to areas beyond but within one (1) mile of the boundaries of such district.” Although he admits that he located his residence outside of Jackson County, Lamey asserts that he still lived within this one-mile zone authorized by the statute. In support of his position, he explained that he received his water services from the District. However, we note that the statutory language authorizes the District to extend its services, not its legal boundaries.[1] As a result, section 19-5-177 fails to extend the legal boundaries of the District to include Lamey’s residence in Harrison County, a county different from the county of appointment.
¶ 12. Lamey also claims that section 19-5-171(1) supports his argument that he still possessed qualifications to serve as a commissioner, noting that this section provides that “the owner of land or the conductor of a business situated within the district ... shall be eligible to hold the office of commissioner.” Miss.Code Ann. § 19-5-171(1) (Rev.2003). Lamey disputes the factual findings of the Board in claiming that he owns and pays taxes for his homestead in Jackson County, as well as conducts business primarily within the general vicinity of the District’s boundaries. As a result, he asserts that despite the new Harrison County residence, no removal from Jackson County or the District occurred. Therefore, he argues no vacancy exists.
¶ 13. We note that in Mississippi Public Service Commission v. Merchants Truck Line, Inc., 598 So.2d 778, 782 (Miss.1992), the Mississippi Supreme Court stated: “So long as substantial evidence exists, an agency’s fact finding must be allowed to stand 'even though there might be room for disagreement on that issue.’ ” With this limited standard in mind, upon review of the record, we agree with the circuit court that substantial evidence exists in support of the Board’s factual determination that Lamey no longer resides within the boundaries of the District; thus, a vacancy exists. We also agree with the circuit court that the Board’s decision finding that La- *883 mey removed himself from the District was not arbitrary or capricious. See URCCC 5.0B. We, therefore, affirm the circuit court’s judgment.
¶ 14. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. MAXWELL, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. IRVING, J., NOT PARTICIPATING.

. Section 19-5-171 states that appointments to the District must come from the residents of the county in which the District is located.