# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CA-00346-SCT

*SHIRLEY LAFONTAINE*

*v.*

*WILLIAM HOLLIDAY d/b/a HOLLIDAY
GENERAL CONTRACTING*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/27/2012 |
| TRIAL JUDGE: | HON. JOHN C. GARGIULO |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | NICOLE EDWARDS |
| | RAYMOND M. WILLIAMS |
| ATTORNEY FOR APPELLEE: | WILLIAM HOLLIDAY (PRO SE) |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | APPEAL DISMISSED - 04/11/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     Shirley LaFontaine ("LaFontaine") appeals from an order which we find to be a nonfinal judgment. Because her appeal is not properly before us, we dismiss her appeal and remand this case to the Circuit Court of Hancock County.

## FACTUAL BACKGROUND

¶2.     LaFontaine filed suit against John Harley ("Harley") and William Holliday d/b/a Holliday General Contracting ("Holliday") in the Circuit Court of Hancock County, Mississippi. The record reveals the case was assigned to Judge Roger T. Clark. After twelve

months of inactivity in the case, during which no action of record occurred, the circuit court clerk filed a motion to dismiss the case for want of prosecution under Rule 41(d) of the Mississippi Rules of Civil Procedure.[1] On December 12, 2011, Judge Clark entered an order dismissing the case without prejudice for want of prosecution.

¶3.    LaFontaine filed a "motion to set aside the judgment of dismissal and to reinstate causes of action." LaFontaine mailed her motion to the post office box used for all the judges at the Circuit Court of Hancock County, her filing letter was directed to "Dear Sir/Madam," and her proposed order was for the "presiding Judge's signature." LaFontaine argued in her motion to set aside judgment that her attorneys did not receive notice of the clerk's motion to dismiss. LaFontaine's counsel argued that, had they received notice of the clerk's motion, "they would have taken the appropriate steps to prevent the dismissal of Plaintiff's causes of action."

¶4.    Judge John C. Gargiulo signed and entered an order reinstating the case. The order to reinstate simply sets forth that the circuit court "is of the opinion that [LaFontaine's motion to reinstate her case] should be GRANTED in all respects." The record does not reveal why Judge Gargiulo considered and ruled on LaFontaine's motion when the case was assigned to Judge Clark.

---

[1]Rule 41(d) provides that, in any case in which there has been no action within the preceding twelve months, the clerk of court shall mail notice to the parties that the case will be dismissed unless, within thirty days from mailing of notice, action is taken or an application is made to the court to show good cause why the case shall be continued as a pending case. Miss. R. Civ. P. 41(d). The Rule also provides that the court shall dismiss each such case without prejudice if no action is taken or good cause is not shown. *Id.*

¶5. Holliday, acting pro se, filed a motion to reconsider the order reinstating the case. Holliday argued that Judge Gargiulo had abused his discretion in granting LaFontaine's motion without holding a hearing, and that LaFontaine's motion should be struck because her foreign pro bono attorney had failed to comply with Mississippi's *pro hac vice* rules, and he requested a hearing.

¶6. On January 27, 2012, Judge Gargiulo entered an order setting aside his prior order reinstating the case. Judge Gargiulo determined that LaFontaine's motion to set aside the dismissal and to reinstate her case "should be addressed to and considered by the judge who, on December 12, 2011, entered the 'Order Dismissing Case for Want of Prosecution.'"

¶7. LaFontaine now appeals from Judge Gargiulo's January 27 order.[2]

## LEGAL ANALYSIS

¶8. It is well settled that "[a]ppeals to the Supreme Court from the circuit court lie only from a final judgment."[3] "[A]n appeal is not a matter of right but is subject to the statutory provisions, and the basic requirement is that appeals are proper only if from a final judgment."[4] Generally, a final judgment is one that adjudicates the merits of the controversy

---

[2]LaFontaine does not appeal Judge Clark's December 12, 2011, order dismissing her case for want of prosecution, and it does not appear from the record that Judge Clark has ruled on her motion to set aside judgment of dismissal.

[3]*Cotton v. Veterans Cab Co., Inc.*, 344 So. 2d 730, 731 (Miss. 1977).

[4]*Sanford v. Bd. of Supervisors, Covington County*, 421 So. 2d 488, 491 (Miss. 1982) (citations omitted). *See also **Mississippi Waste of Hancock County, Inc. v. Bd. of Supervisors of Hancock County***, 818 So. 2d 326, 330 (Miss. 2001) (citing Miss. Code Ann. § 11-51-3)). Mississippi Code Section 11-51-3 reads in relevant part: "[a]n appeal may be taken to the Supreme Court from any final judgment of a circuit or chancery court in a civil case. . . ." Miss. Code Ann. §11-51-3 (Rev. 2012).

and settles all issues between all parties.[5] In other words, "[a]n order is considered final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[6] Furthermore, "the mere fact that an otherwise premature appeal may result in saving expense or delay does not allow an exception to this rule."[7]

¶9. In this case, the order appealed from is not a final judgment. The January 27 order did not adjudicate the case on its merits; rather, the order set aside a previous order reinstating the case, without addressing the merits of the case. Indeed, Judge Gargiulo's January 27 order specifically stated that LaFontaine's motion to set aside judgment of dismissal and reinstate causes of action should be considered by Judge Clark, as he was the judge who dismissed the case on December 12, 2011. In substance, Judge Gargiulo undid any action he had taken on LaFontaine's motion to reinstate her case, and referred her pending motion back to Judge Clark.

¶10. As the January 27 order left a pending motion to be dealt with by Judge Clark, the order is not a final judgment that ends the litigation on its merits and leaves the circuit court with nothing left to do but to execute the judgment. Because LaFontaine appeals from a

---

[5]*Mississippi Waste*, 818 So. 2d at 330 (citing *Sanford*, 421 So. 2d at 491).

[6]*Banks v. City Fin. Co.*, 825 So. 2d 642, 645 (Miss. 2002) (citing *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633, 89 L. Ed. 911 (1945)), *overruled on other grounds by Sawyers v. Herrin-Gear Chevrolet Co., Inc.*, 26 So. 3d 1026 (Miss. 2010).

[7]*Sanford*, 421 So. 2d at 491 (citation omitted).

4

nonfinal judgment, we are without appellate jurisdiction to entertain her appeal.[8]  For the

foregoing reasons, we dismiss LaFontaine's appeal, with costs assessed to LaFontaine.

¶11.    **APPEAL DISMISSED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**

---

[8]*See **M.W.F. v. D.D.F.,** 926 So. 2d 897 (Miss. 2006) (dismissing appeal from non-final judgment for lack of appellate jurisdiction); **Michael v. Michael,** 650 So. 2d 469, 471 (Miss. 1995) (same); **Cotton**, 344 So. 2d at 730 (same).